IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br>　　　　　Plaintiff, <br><br> v. <br><br> DEPARTMENT OF THE NAVY, <br> 2000 Navy Pentagon <br> Washington, DC 20350-2000, <br><br>　　　　　Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Department of the Navy to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.　　The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.　　Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.　　Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest

1

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant Department of the Navy is an agency of the U.S. Government and is headquartered at Department of the Navy, 2000 Navy Pentagon, Washington, DC 20350-2000. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 20, 2012, Plaintiff sent a FOIA request to Defendant seeking access to the following:

> i. Any and all records utilized, referenced, or relied upon during the preparation and execution of any funeral ceremony, rite or ritual for Osama bin Laden on the USS Carl Vinson prior to his burial at sea. This request includes, but is not limited to, the text of any prepared remarks or prayers, any instructions provided to those in attendance, or any instructions or guidance regarding the handling of bin Laden's remains.
>
> ii. Any and all records of communication between any official or employee of the Department of the Navy and any official or employee of any other government department, agency or office regarding any funeral ceremony, rite, or ritual for Osama bin Laden prior to his burial at sea.

6. Defendant acknowledged receipt of Plaintiff's FOIA request by email dated March 22, 2012 and assigned the request Case File No. DON2012F030859.

7. Plaintiff subsequently received a letter dated April 2, 2012 and an email dated April 9, 2012, both from Defendant, stating that Plaintiff's request had been redirected to the Commander, Naval Air Forces and assigned FOIA Nos. 21-12 and 12 F 0732. According to the April 2, 2012 letter, the Commander, Naval Air Forces received Plaintiff's request on March 27, 2012.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, Defendant's determination was due by April 24, 2012 at the latest.

9. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

10. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   July 18, 2012

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
D.C. Bar No. 429716
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*