UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 12-1182 (RJL) |
| ) | |
| DEPARTMENT OF THE NAVY ) | **FILED** |
| ) | SEP 1 9 2013 |
| Defendant. ) | |
| ) | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

MEMORANDUM OPINION

(September 18, 2013) [Dkts. ##10,14]

Plaintiff Judicial Watch Inc. ("Judicial Watch" or "plaintiff") filed the instant action against the Department of the Navy ("Navy" or "defendant") on July 18, 2012, challenging the Navy's redaction of documents produced in response to plaintiff's Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), request for records and communications related to any funeral ceremony held for Osama bin Laden prior to his burial at sea on the USS Carl Vinson on May 2, 2011. *See* Compl. [Dkt. #1]. Before the Court are the parties' cross-motions for summary judgment. Upon consideration of the parties' pleadings, relevant law, and the entire record in this case, the Court GRANTS defendant's Motion for Summary Judgment [Dkt. #10] and DENIES plaintiff's Cross-Motion for Summary Judgment [Dkt. #14].

1

## BACKGROUND

Judicial Watch, a non-profit organization that promotes government accountability, submitted a FOIA request to the Navy on March 20, 2012, seeking two categories of documents: (1) all records used or relied on during any funeral ceremony for Osama bin Laden's burial at sea on the USS Carl Vinson; and (2) any communications between government officials regarding any such funeral ceremony. *See* Decl. of Lieutenant General Curtis M. Scaparrotti ("Scaparrotti Decl.") [Dkt. #10-1] ¶ 3. The Navy conducted a search for responsive records which located no documents from the first category and ten documents from the second category. *Id.* ¶ 4. Specifically, the Navy located ten email chains, totaling 31 pages, regarding preparation for and execution of Osama bin Laden's burial at sea. *Id.* After conducting a line-by-line review of the responsive documents, the Navy redacted certain information before producing the documents to plaintiff in November 2012. *Id.* The redactions were made pursuant to FOIA Exemptions 1, 3, 5, and 6. *Id.*; *see* 5 U.S.C. § 552(b)(1), (3), (5), (6).

## STANDARD OF REVIEW

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Judicial Watch, Inc. v. DOD*, 12-CV-49 RC, 2013 WL 4536118, at *4 (D.D.C. Aug. 28, 2013). Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where the pleadings, stipulations, affidavits, and admissions in a case show "that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a), (c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court may accept as true factual assertions in the moving party's declarations unless the opposing party submits its own declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992). The court must accept as true the evidence of, and draw "all justifiable inferences" in favor of the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

In the FOIA context, the government must demonstrate the absence of a genuine dispute regarding the adequacy of its search for or production of responsive records. *Nat'l Whistleblower Ctr. v. U.S. Dep't of Health & Human Servs.*, 849 F. Supp. 2d 13, 21–22 (D.D.C. 2012). Because of the information asymmetry between FOIA plaintiffs and the government, courts require the government to provide a detailed description of any information withheld under any of the FOIA exemptions enumerated in 5 U.S.C. § 552(b). *Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1178 (D.C. Cir. 1996). The government typically presents its justification for withholding certain information in a declaration or affidavit referred to as a "*Vaughn* index" after the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Such a justification is presumed to be submitted in good faith. *See SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

## ANALYSIS

Judicial Watch claims that the Navy improperly redacted information from Documents 4, 8, and 9, pursuant to FOIA Exemption 1. *See* Pl.'s Cross-Mot. for Summ. J. [Dkt. #14] at 1–2. I disagree. Because the redactions were proper and necessary to prevent disclosure of sensitive operational details and to protect our national security, defendant's Motion for Summary Judgment must be GRANTED and plaintiff's Cross-Motion for Summary Judgment must be DENIED. How so?

FOIA was enacted so that citizens could discover "what their government is up to." *U.S. Dep't Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989). Recognizing "that public disclosure is not always in the public interest," however, the FOIA statute "provides that agency records may be withheld from disclosure under any one of the nine exemptions defined in 5 U.S.C. § 552(b)." *Balridge v. Shapiro*, 455 U.S. 345, 352 (1982). FOIA Exemption 1 applies to information that is "(A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (B) [is] in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Our Circuit has sustained redaction under this exemption upon the government's plausible assertion that the redacted information is properly classified. *See ACLU v. DOD*, 628 F.3d 612, 625 (D.C. Cir. 2011); *Morley v. CIA*, 508 F.3d 1108, 1124 (D.C. Cir. 2007).

Pursuant to FOIA Exemption 1, the Navy redacted classified information regarding the military's preparation for and execution of Osama bin Laden's burial at sea from Documents 4, 8, and 9. *See* Scaparrotti Decl. ¶¶ 16, 21–22. The Navy has provided a logical and plausible assertion, through the Declaration of Lieutenant General Scaparrotti, that the redacted information is properly classified under Executive Order 13526, 75 Fed. Reg. 707 (Dec. 29, 2009). Lieutenant General Scaparrotti is the Director of the Joint Staff at the Pentagon. *See* Scaparrotti Decl. ¶ 1. He is an original classification authority who has served in the United States Armed Forces for over 30 years. *See id.* ¶¶ 2, 9. His declaration adequately describes the information redacted from Documents 4, 8, and 9, and offers a logical and plausible explanation as to why disclosure poses a threat to our national security. *See id.* ¶¶ 9, 16, 21–22, 24–27.

Information may only be classified under Executive Order 13526 if "unauthorized disclosure of the information reasonably could be expected to result in damage to the national security." Exec. Order No. 13526 § 1.1(a)(4). In this case, Lieutenant General Scaparrotti reviewed the ten responsive documents and determined portions of them to be properly classified under two sections of Executive Order 13526: § 1.4(a), which protects military plans, weapons systems, or operations, and § 1.4(d), which concerns foreign relations or foreign activities. *See* Scaparrotti Decl. ¶¶ 1–2, 9.

Lieutenant General Scaparrotti's declaration thoroughly outlines the information redacted from Documents 4, 8, and 9, as well as the potential consequences of its

disclosure to our national security. *Id.* ¶¶ 9, 16, 21–22, 24–27. Osama bin Laden's burial at sea involved military personnel and was carried out on a military vessel with military equipment in the context of a highly sensitive, overseas operation. *Id.* ¶ 9. The information redacted from Documents 4, 8, and 9 includes sensitive information about timing, personnel, procedures, and protocols. *Id.* ¶¶ 16, 21–22. As such, disclosure could harm our national security by compromising military operational secrets that could be used to thwart future operations. *Id.* at ¶ 24. There is also plausible reason to believe that disclosing the redacted information could harm our national security by inciting al-Qai'da members to retaliate against United States citizens and interests. *See id.* at ¶¶ 25–26. In the past, al-Qai'da has attempted to recruit and incite violence by claiming that Osama bin Laden, its former leader and founder, did not receive an appropriate Islamic burial. *Id.* at ¶ 25. Reasonably analogous disclosures, including an erroneous report by *Newsweek* that American soldiers had desecrated the Koran, have led to widespread violence and anti-American protests in the Middle East. *Id.* at ¶ 26. In sum, Lieutenant General Scaparrotti's assertion that disclosure of the redacted information poses a potential threat to national security easily crosses the logical and plausible threshold recently affirmed by our Circuit. *See Judicial Watch v. DOD*, 715 F.3d 937, 943 (D.C. Cir. 2013).

Finally, I conclude that defendant has properly withheld the headings of the ten responsive documents, which were added to the documents during processing in response

to plaintiff's FOIA request. *See* Scaparrotti Decl. ¶ 5. Because these headings post-date the Navy's search for documents in response to plaintiff's FOIA request, they are by definition nonresponsive. In addition, the headings are protected under the attorney work-product prong of FOIA Exemption 5, *see* 5 U.S.C. § 552(b)(5), which protects information "normally privileged in the civil discovery context," *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 11 (1988).

## CONCLUSION

Thus, for all of the foregoing reasons, the Court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Cross-Motion for Summary Judgment. An Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge